THE STATE, EX REL. THE FROEHLICH & EMERY ENGINEERING CO., *v.* EVANS ET AL.

420

(Decided November 14, 1927.)

*Messrs. Smith, Beckwith, Ohlinger & Froehlich,* for relator.

*Mr. G. Ray Craig* and *Mr. L. S. Wise,* for respondents.

WILLIAMS, J. This is an action in mandamus in which the relator prays for a writ commanding the clerk of the village of Willard, Ohio, to issue an order or warrant to relator in the sum of $1,500, in payment of services of consulting engineers in making a preliminary survey of the plant and requirements of the village for water and electricity, in connection with a plan of enlarging the combined electric light and waterworks plant, and to com-

pel the village treasurer to honor and pay the order or warrant.

It appears from the pleadings and agreed statement of facts that the services of the consulting engineers of the relator company were rendered without any written contract with the village; that, after they had been rendered, the council passed a resolution providing for the submission to the electors of the village of the proposition of issuing bonds in the amount of $62,000 for constructing an addition to the building housing the combined electric light and waterworks plant of the village, for purchasing material for extending the water mains and enlarging the plant, and for paying the cost of all necessary surveys, etc. The bond issue carried, the bonds were sold, and the money received therefor was placed in the water and light fund of the village, which was the fund in which the receipts of the village from water rents and sale of electricity were placed, and out of which the board of trustees of public affairs of the village paid the expenses of the operation of the waterworks and electric light plant. Thereafter an ordinance was passed providing for the payment of the claim of relator, amounting to $1,500. This ordinance recited the employment of relator to make the survey, that the village had no funds to pay the company said amount, and that the amount of the expense of the survey referred to was included in the estimate for such bond issue. It also contained the following:

"Now, therefore, be it ordained by the council of the village of Willard, state of Ohio: Section 1. That said sum of $1,500.00 be appropriated out of the water and light fund to pay said The Froehlich

and Emery Engineering Company, and that the village clerk be authorized and directed to issue to said company a voucher for said sum of $1,500.00 to be paid out of the water and light fund."

The clerk refused to issue the order or warrant, and the writ of mandamus is sought to compel the clerk to issue it and the treasurer to honor it.

Under the Constitution and laws of Ohio, a village acts in a proprietary capacity in the operation of its water and electric light plant, and the board of trustees of public affairs is empowered to act in respect to the plant as a private business man would act in the conduct of his business. *Travelers' Ins. Co.* v. *Village of Wadsworth,* 109 Ohio St., 440, 142 N. E., 900, 33 A. L. R., 711.

We are of the opinion that the rights of the parties to this action are regulated by the following provisions of the general statutes:

"Sec. 4361. The board of trustees of public affairs shall manage, conduct and control the water works, electric light plants, artificial or natural gas plants, or other similar public utilities, furnish supplies of water, electricity or gas, collect all water, electrical and gas rents, and appoint necessary officers, employes and agents.  *  *  *

"*The board of trustees of public affairs shall have the same powers and perform the same duties as are possessed by, and are incumbent upon, the director of public service as provided in Sections 3955, 3959, 3960, 3961, 3964, 3965, 3974, 3981, 4328, 4329, 4330, 4331, 4332, 4333 and 4334* of the General Code, and all powers and duties relating to water works in any of these sections *shall extend to and include electric light, power* and gas plants and such other similar

public utilities, and such boards shall have such other duties as may be prescribed by law or ordinance not inconsistent herewith."

"Sec. 3960. Money collected for water works purposes shall be deposited weekly with the treasurer of the corporation. Money so deposited shall be kept as a separate and distinct fund. When appropriated by council, it shall be subject to the order of the director of public service. Such director shall sign all orders drawn on the treasurer of the corporation against such funds."

"Sec. 3961. Subject to the provisions of this title, the director of public service may make contracts for the building of machinery, waterworks buildings, reservoirs and the enlargement and repair thereof, the manufacture and laying down of pipe, the furnishing and supplying with connections all necessary fire hydrants for fire department purposes, keeping them in repair, and for all other purposes necessary to the full and efficient management and construction of water works."

"Sec. 4334. All contracts made by the director of public service shall be executed by him in the name of the city, and a duplicate copy shall be filed in his office, and a copy with the auditor of the city. No liability shall be created against the city as to any matters under the supervision of such director except by his express authority. No director of public service or officer or employe of his department shall be interested in any contract under his supervision."

Under Section 4361 the board of trustees of public affairs of villages has the same powers and duties as the director of public service of cities, as is

provided in Sections 3960, 3961 and 4334, above quoted. Under Section 3960, money collected for waterworks purposes is required to be deposited weekly with the treasurer of the corporation and kept in a distinct fund; and, when appropriated by council, can only be paid out by a village upon the order of the board of trustees of public affairs, who shall sign all orders drawn on the treasurer of the corporation against such fund.

Under Section 3961, subject to the provisions of the title in which it is found, the director of public service of a city, or the board of trustees of public affairs in the case of a village, "may make contracts for the building of * * * waterworks buildings * * * and the enlargement and repair thereof, * * * and laying down of pipe," and for all other purposes within those specifically enumerated "necessary to the full and efficient management and construction of waterworks."

The word "may," when used in statutes which confer powers upon public officers or official boards, is construed to be the equivalent of "shall" or "must," where the public has an interest in the exercise of the powers conferred. *State, ex rel. Myers,* v. *Bd. of Ed. of Rural School Dist. of Spencer Tp.,* 95 Ohio St., 367, 116 N. E., 516. We are of the opinion that it should be given the construction of "shall" or "must" in this section.

Section 4334 relates to the making of contracts, and provides, when construed with Section 4361, that no liability shall be created against the village as to any matters under the supervision of the board of trustees of public affairs except by its express authority.

Sections 3960, 3961 and 4334 are made applicable to an electric light plant as well as a water plant by the provisions of Section 4361.

Moneys raised by the sale of bonds for the improvement of a waterworks and electric light plant which had been in existence and operation for some years are under control of the board of trustees of public affairs, and are to be paid out on the order of such board. In the case of *State, ex rel. Pebbles et al., Trustees,* v. *Griffin, Treas.,* 4 C. C., 156, 2 C. D., 474, affirmed by the Supreme Court of Ohio, without opinion, *Griffin* v. *State, ex rel. Pebbles,* 21 W. L. B., 243, the court had under consideration Sections 2413, 2414 and 2415, Revised Statutes. These sections contained substantially the provisions of Sections 3960 and 3961, General Code, except that under the latter two sections appropriation must first be made by council before the board of trustees of public affairs can issue its order upon the treasurer for the disbursement of funds. In that case the court says:

"Sections 2413, 2426, 2429, 2430, 2431, Rev. Stat., in connection with other sections, seem to us to evince the intention of the Legislature to give, substantially, the whole care and control of the waterworks to those waterworks trustees, including contract for enlargements and improvements thereto after their original erection. And we are of the opinion that the intention was and is to give them the control and disbursement of the moneys raised to pay for work done under the contracts which the trustees are empowered to make, and that such moneys are more properly moneys belonging to the waterworks funds under Sec. 2413, than city funds

referred to in Section 2690, and that the provisions in the latter section were not intended to relate to waterworks funds. The statute is not as clear and definite as it might be, and some of its sections do not seem to be in entire harmony with others in this regard, but in view of all the provisions bearing on the subject, we think the legislative intention is that the moneys in question in this case, being moneys raised after the original construction of the works, and for their improvement, are to be paid out on the order of the trustees of waterworks under Section 2414, and that the treasurer is authorized and may be required to pay such orders of the trustees.''

The board of trustees of public affairs therefore had under its control for disbursement the funds arising from a sale of the bond issue, which funds had already been placed in its hands and under its control by virtue of the action of the council. The clerk of the village had no power to issue an order against such funds for the withdrawal thereof, and the council of the village had no power to order him to do so.

The peremptory writ of mandamus will therefore be refused, and the petition dismissed.

*Writ refused and petition dismissed.*

RICHARDS and LLOYD, JJ., concur.